FILED
CLERK, U.S. DISTRICT COURT
2/12/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. FOX,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BUREAU OF PRISONS, *et al.*<br><br>　　　　　Defendants. | Case No. 2:19-cv-00567-R(MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.　INTRODUCTION

On January 24, 2019, Plaintiff Kenneth A. Fox ("Plaintiff"), currently incarcerated at the Lompoc Low Federal Corrections Institution in Lompoc, California (the "Prison"), proceeding pro se and *in forma pauperis*, filed a civil Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (ECF No. 1.) Although the Complaint purports to be brought pursuant to Section 1983, the Court presumes that Plaintiff is attempting to bring it pursuant to the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1977), which "established that victims of a constitutional violation by a federal agent have a right to recover damages

///

against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980).

The Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, the Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** within 30 days after the date of this Order to either: (1) file a First Amended Complaint, or (2) advise the Court that Plaintiff does not intend to file a First Amended Complaint.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS AND CLAIMS FOR RELIEF

The Complaint is brought against: (1) the Bureau of Prisons ("BOP"), (2) (former) Warden Stephen Langford, (3) (current) Warden Felipe Martinez Jr., (4) Corrections Officer Files, (5) Dr. Jaspal Dhaliwal, and (6) Medical Clerk Valerie Ericksen (each a "Defendant," and collectively, "Defendants"). (ECF No. 1, at 1, 3-4.)[1] Defendants Langford, Files, Dhaliwal and Ericksen are sued in their individual and official capacities, while Defendant Martinez is sued in his individual capacity only. (*Id.* at 3-4.)

Plaintiff alleges Defendants violated his Eighth Amendment rights on two separate and unrelated occasions.

In Claim 1, Plaintiff alleges that Defendant Files injured him during a race riot and that thereafter the Prison denied him adequate medical care to treat his injury. (*Id.* at 5.) Specifically, Plaintiff claims that, on June 21, 2017, a fight broke

---

[1] All citations to the Complaint reference the page numbers generated by ECF.

The BOP is included in the case caption (ECF No. 1, at 1), but is not listed as a Defendant in the body of the Complaint (*see id* at 3-4). However, the Complaint explicitly seeks damages from the BOP. (*Id.* at 6.)

2

out between two buildings that quickly grew to a race riot of 30 to 40 minutes duration; that Plaintiff was in his cell and not involved in the riot; that Defendant Files, drunk at the time, shot out 20 to 30 cell windows despite the fact that no one was throwing anything out the windows; that one of those shot out was a window to Plaintiff's cell; that Plaintiff's window shattered causing shards of glass to impale his eye; that it took the Prison two weeks to have an eye doctor pull the glass out of his eye; that he complained about headaches, loss of eye sight, anxiety, and a bleeding eye; that he now suffers from seizures; and that "Medical" still refuses to help him. (*Id.* at 5, 9.)

Based on these allegations, Plaintiff brings an Eighth Amendment claim against: (1) Defendant Langford for not properly training the Corrections Officers and being drunk when he arrived at work that day; (2) Defendant Martinez for aggressively trying to get Plaintiff to change his story and drop the lawsuit; (3) Defendant Files for not being trained, being drunk, losing control of his emotions, and shooting Plaintiff in the face;[2] and (4) Defendant Dhaliwal for refusing to treat and help Plaintiff, yelling at him, and not showing Plaintiff his license. (*Id.*) Plaintiff seeks $100,000 in damages from each of Defendants Langford, Files, and Dhaliwal, and $30 million from Defendant BOP. (*Id.* at 6.)

In Claim 2, Plaintiff alleges that Defendant Ericksen falsified Plaintiff's medical records to state that he declined hip surgery when in fact he had requested the surgery. (*Id.* at 7-8.) Specifically, Plaintiff claims that on April 24, 2017, he was told by the Medical staff that he would be transferred to another facility for physical therapy on his right hip; that he twice informed the Medical staff that he needed hip surgery instead of physical therapy and that physical therapy would be

---

[2] While the Complaint alleges that Defendant Files "shot Plaintiff in the face" (ECF No. 1, at 5), the attachments to the Complaint state that Defendant Files shot out the windows (*id.* at 9, 10, 11, 13, 15). If Plaintiff files an amended complaint, Plaintiff should clarify these allegations.

of no benefit without prior hip surgery; that he twice was informed that "Regional" would not approve the surgery; that he was asked to, and did, sign a form declining the transfer for physical therapy; that by December 2017 his hip was "totally destroyed" and "the pain was unbearable"; that upon being asked why he had declined the hip surgery he learned of the existence of a form through which he purportedly had declined hip surgery but that had been forged with his signature; that he concluded that Defendant Ericksen had illegally altered the federal form; and that, as a result of the lack of surgery to date, he always will have a limp and has developed kidney problems. (*Id.*)

Based on these allegations, Plaintiff brings an Eighth Amendment claim against: (1) Defendant Ericksen for lying to him and forging his signature on the form declining the hip surgery; and (2) Defendant Martinez for allowing Defendant Ericksen to continue to work in Medical and for not stepping in to correct the problem when notified. (*Id.* at 8.) Plaintiff seeks $100,000 in damages from each of Defendants Ericksen and Martinez, and $10 million from Defendant BOP. (*Id.*)

### III. STANDARD OF REVIEW

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Watison v. Carter*, 668 F.3d 1108, 1112

(9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915A). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (*quoting Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). In reviewing a motion to dismiss, the court will accept factual allegations as true and view them in the light most favorable to the plaintiff. *See Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) (*citing N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations of law . . . are insufficient . . . ." *Park*, 851 F.3d at 918 (first ellipsis in original) (*quoting Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001)). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a plaintiff is pro se, particularly in civil rights cases, courts should construe pleadings liberally and afford the plaintiff any benefit of the doubt. *See Wilhelm*, 680 F.3d at 1121 (9th Cir. 2012). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (*quoting Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). A court should grant a pro se plaintiff leave to amend a defective complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212.

## IV. DISCUSSION

### A. The Bureau Of Prisons Is Not A Proper Defendant.

Plaintiff names the BOP as a Defendant in the caption of the Complaint and seeks monetary damages against it. (ECF No. 1, at 1, 6, 8.) However, in the section of the Complaint where Plaintiff was required to list the Defendants, he did not list the BOP. (*Id.* at 3-4.) Regardless, the BOP is not a proper defendant because a *Bivens* remedy is not available against it as a federal agency. *See, e.g., Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (declining to extend *Bivens* to allow suits against federal agencies; a prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP . . . , his only remedy lies against the individual").

Accordingly, the claims against the BOP must be dismissed.

### B. Plaintiff May Not State An Eighth Amendment Claim Against The Individual Defendants In Their Official Capacities.

In the Complaint, Plaintiff purports to name all of the individual Defendants (except Martinez)—Langford, Files, Dhaliwal, and Ericksen—in their official

capacities. (ECF No. 1, at 3-4.) However, a suit against a federal employee in his or her official capacity is the same as a suit against the United States. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). In turn, the United States is a sovereign and, as such, is immune from suit unless it has expressly waived immunity and consented to be sued. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Gilbert*, 756 F.2d at 1458; *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). The waiver must be unequivocally expressed. *United States v. Teston*, 424 U.S. 392, 399 (1976). The United States has not waived sovereign immunity for suits for damages based on alleged civil rights violations by its employees. *See, e.g., Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir. 1985), *cert. denied*, 474 U.S. 1101 (1986). Thus, the doctrine of sovereign immunity bars claims for monetary damages against federal actors sued in their official capacities. *See, e.g., Gilbert*, 756 F.2d at 1458 (barring suit against federal officials sued in their official capacities); *see also Daly-Murphy v. Winston*, 837 F.2d 348, 355-56 (9th Cir. 1987) (noting that a *Bivens* action can be maintained against a defendant in his or her individual capacity only and not in his or her official capacity).

Accordingly, Plaintiff's Eighth Amendment claims against the individual Defendants in their official capacities must be dismissed.

### C. Except For Defendants Files And Ericksen, The Complaint Fails To State An Eighth Amendment Claim Against The Individual Defendants In Their Individual Capacities.

"To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). "A person deprives another 'of a constitutional right . . . if he does

an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in original), *quoting Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, with the exception of Defendant Files in Claim 1 and Defendant Ericksen in Claim 2, the Complaint fails to state a claim against the individual Defendants in their individual capacities.

1. Claim 1:

At this stage of the proceedings, the Court concludes that Plaintiff's allegation that Defendant Files shot out 20-30 windows, causing shards of glass to impale Plaintiff's eye, sufficiently states an Eighth Amendment cruel and unusual punishment claim against Defendant Files, subject, of course, to any defenses he may raise. Accordingly, the Court will allow this claim to proceed as stated.

However, the Eighth Amendment deliberate indifference claim premised on this incident fails to state a claim against Defendants Langford and Dhaliwal and must be dismissed.[3]

a. Langford

Plaintiff alleges that Defendant Langford failed to properly train the Corrections Officers and was inebriated when he arrived at work on the day of the riot. (ECF No. 1, at 5.) Neither allegation is sufficient to sustain an Eighth Amendment claim against Defendant Langford.

The Supreme Court in *Iqbal* reaffirmed that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory

---

[3] Although Plaintiff mentions alleged misconduct by Defendant Martinez in Claim 1, he does not seek relief against him personally, seeking relief only from Defendants Langford, Files, Dhaliwal, and the BOP. (ECF No. 1, at 6.)

8

of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, Plaintiff may not maintain a federal civil rights action against a federal official based on his or her supervisory position. Rather, *Bivens* creates a cause of action only against federal officials who participated directly in the claimed constitutional violation; the doctrine of *respondeat superior* cannot be invoked in such actions. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (holding that "respondeat superior is inapplicable" to federal civil rights claims under *Bivens*). A supervisory official may be held liable only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See, e.g., Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (*en banc*), *abrogated on other grounds, Farmer v. Brennan*, 511 U.S. 825 (1994). "The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1207-08). "Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, '[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208).

   Here, Plaintiff's allegations fall short of this standard. To begin with, even assuming as true Plaintiff's allegation that Defendant Langford was drunk when he arrived at work on the day of the riot, Plaintiff still fails to allege how Defendant Langford personally was involved in any constitutional deprivation.

///

Perhaps attempting to circumvent his obligation of alleging a causal link between Langford and the alleged constitutional violation, Plaintiff makes only conclusory allegations unsupported by facts that Langford failed to properly train the correctional officers. (ECF No. 1, at 5.) Such a conclusory, blanket allegation falls far short of the showing Plaintiff must make to establish his entitlement to relief. *See Twombly*, 550 U.S. at 570. Moreover, a "failure to train" theory can be the basis for a supervisor's liability under Section 1983 only in limited circumstances. *See City of Canton v. Harris*, 489 U.S. 378, 387-89 (1989) (liability only where failure to train amounts to deliberate indifference). Here, it does not follow from Plaintiff's allegations—that he was subjected to excessive force by an officer purportedly reporting to Defendant Langford—that Defendant Langford failed to train his officers (presumably against excessive force). Thus, Plaintiff's allegation that Defendant Langford failed to properly train his officers is not sufficient "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

For these reasons, Claim No. 1 against Defendant Langford in his individual capacity must be dismissed.

### b. Dhaliwal

Plaintiff alleges that Defendant Dhaliwal failed to help him with his medical issues related to his eye injury and treated him with "depraved indifference." (ECF No. 1, at 6.) Neither allegation is sufficient to sustain an Eighth Amendment claim against Defendant Dhaliwal.

In order to establish an Eighth Amendment claim based on inadequate medical care, a plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds, WMX Techs., Inc. v. Miller*, 104

F.3d 1133 (9th Cir. 1997). Deliberate indifference to the serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *Helling*, 509 U.S. at 30; *Gamble*, 429 U.S. at 104; *McGuckin*, 974 F.2d at 1059. A plaintiff must allege sufficient facts to satisfy a two-prong test: (1) an objective standard—the existence of a serious medical need; and (2) a subjective standard—deliberate indifference. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

Here, it is unclear from Plaintiff's allegations which doctor, of what appears to be many who treated him, engaged in the alleged deliberate indifference to his medical needs, rendering it impossible for the Court to draw a reasonable inference that Defendant Dhaliwal is liable for the misconduct alleged. An individual defendant cannot be held liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged deprivation. *See Redman*, 942 F.2d at 1446. "A plaintiff must allege facts, not simply conclusions, which show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633.

In addition, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original). Federal Rule of Civil Procedure 8(d)(1) instructs: "[e]ach allegation must be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. *Cafasso, U.S. ex rel v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). This Court has discretion to

dismiss for failure to comply with the requirements of Rule 8 even when the complaint is not "wholly without merit." *McHenry v. Renee*, 84 F.3d 1172, 1179 (9th Cir. 1996). Rule 8(d), requiring each allegation of a pleading "to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

Here, Plaintiff alleges that "Medical" could not find anything in his eye; that he complained for two weeks during the (post-riot) lockdown; that "a doctor" removed a shard of glass from his eye; that he requested to have an MRI on numerous occasions; that the prison sent him to an optometrist and optomologist [sic]" who said they could not find anything; that seven weeks later he rubbed his eye causing (a remnant) piece of glass to enter his eyeball; that he immediately saw a Dr. Razavi in "Medical" who called "Regional" and instructed Plaintiff to check with her later because she was frustrated with the results; that the shard of glass eventually came out of his eye, but left behind an infection; and that Dr. Razavi thereafter sent Plaintiff to "an eye doctor" who cleaned out the infection. (ECF No. 1, at 9.) Even assuming that Plaintiff's reference to any of "Medical," or "a doctor," or the "optometrist and optomologist [sic]," or "an eye doctor" is to Defendant Dhaliwal, he acknowledges that these persons treated him but could not find anything in his eye or, in the case of the "eye doctor," only treated the infection. (*Id.*)

Moreover, even further assuming that the allegations against these unnamed doctors could be tied to Defendant Dhaliwal, none alone, or even combined, are sufficient to satisfy the "deliberate indifference" prong of Plaintiff's constitutional claim for inadequate medical care. Deliberate indifference may be manifested by the intentional denial, delay or interference with the plaintiff's medical care, or by the manner in which the medical care was provided. *Gamble*, 429 U.S. at 104-05; *McGuckin*, 974 F.2d at 1059. However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs. *McGuckin*, 974 F.2d at

12

1060. Here, the Complaint fails to allege that any of the unnamed doctors who possibly could be Defendant Dhaliwal purposefully ignored or failed to respond to Plaintiff's medical needs. To the contrary, the Complaint makes clear that all who treated Plaintiff actively looked for the shards of glass in his eye but were unable to find them.

To the extent that Plaintiff's claim alternatively is premised on the failure of these doctors to find the shards of glass, such allegation of purported negligence or medical malpractice is insufficient to state a claim. The Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Gamble*, 429 U.S. at 106; *see also, e.g., McGuckin*, 974 F.2d at 1059; *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

For these reasons, Claim No. 1 against Defendant Dhaliwal in his individual capacity must be dismissed.

2. Claim 2:

At this stage of the proceedings, the Court concludes that Plaintiff's allegations of a serious medical problem, coupled with the allegation that Defendant Ericksen falsified Plaintiff's medical records by forging his signature on a form declining the hip surgery that he previously had requested, sufficiently state a claim of deliberate indifference to Plaintiff's medical needs against Defendant Ericksen, subject, of course, to any defenses she may raise. Accordingly, the Court allows this claim to proceed as stated.

However, the deliberate indifference claim against Defendant Martinez premised on this incident fails to state a claim and must be dismissed. The claim appears to be premised on the contention that Defendant Martinez was aware of Plaintiff's complaints against Defendant Ericksen but failed to correct the problem. (ECF No. 1, at 8.) Plaintiff's contentions against Defendant Martinez are insufficient to plausibly show Defendant Martinez's personal participation in the alleged constitutional violations or a "sufficient causal connection" between Defendant Martinez's conduct and the constitutional violations. *See Starr*, 652 F.3d at 1207 (*quoting Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Plaintiff has not provided any factual allegations to support a claim that Defendant Martinez directly or indirectly caused the alleged constitutional violations. Instead, Plaintiff vaguely alleges that Defendant Martinez was notified of Plaintiff's concerns and therefore knew Plaintiff's serious medical needs were being neglected. (ECF No. 1, at 8.) Unlike the plaintiff in *Starr*, however, Plaintiff has not alleged specific instances in which Defendant Martinez was placed on notice of alleged constitutional violations by Defendant Ericksen. Plaintiff does not identify any specific complaints or serious medical conditions brought to Defendant Martinez's attention. Plaintiff's conclusory allegations that Defendant Martinez knew of Plaintiff's complaints and appeals are insufficient to plausibly show that Defendant Martinez acted with deliberate indifference to Plaintiff's serious medical needs. *See Barren,* 152 F.3d at 1194 ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Although pro se pleadings are construed liberally, vague and conclusory allegations are insufficient to state a *Bivens* claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

For these reasons, Claim No. 2 against Defendant Martinez in his individual capacity must be dismissed.

///

## V.  CONCLUSION

For the reasons stated above, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** within 30 days after the date of this Order to either: (1) file a First Amended Complaint, or (2) advise the Court that Plaintiff does not intend to file a First Amended Complaint.

In any amended complaint, the Plaintiff shall cure the defects described above. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a First Amended Complaint, or timely advise the Court that Plaintiff does not intend to file a First Amended Complaint, will result in a recommendation that this action, or portions thereof, be dismissed with prejudice for failure to prosecute**

///

and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants or claims, he voluntarily may dismiss all or any part of this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience.**

Plaintiff is advised that this Court's determination herein that certain allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of such claims. Accordingly, although the undersigned Magistrate Judge believes that Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

IT IS SO ORDERED.

DATED: February 11, 2019

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE